**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | NO. 3:08-CR-368 |
| | NO. 3:12-CV-1745 |
| KEVIN CARRINGTON, | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Kevin Carrington's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 367.) Carrington claims that: (1) his sixty-three (63) month prison sentence is contrary to a verbal agreement of a twenty-seven (27) to thirty-three (33) month sentence entered into by himself, his attorney, and the government; and (2) that his sentence, which is identical to that of a co-Defendant, is unfair. For the reasons detailed below, Carrington's motion will be denied without a hearing.

## BACKGROUND

On October 7, 2008, a federal grand jury returned an indictment charging Kevin Carrington and nine other individuals with conspiring to distribute and possess with intent to distribute more than fifty grams of cocaine base, cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Doc. 1.) He pleaded guilty to this charge on October 22, 2011. (Doc. 558.) On April 4, 2012, Carrington was sentenced to sixty-three (63) months in prison, three (3) years of supervised release, a $500 fine, and a $100 special assessment. (Doc. 623.) On June 20, 2012, Carrington filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 642), but later moved to withdraw the motion (Doc. 645). The Court granted his request on July 24, 2012. (Doc. 646.)

On August 31, 2012, Carrington filed the instant Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 651.) On September 4, 2012, he was informed of the limitations on his ability to file a second or successive petitions. (Doc. 653.) On March 18, 2013, the Court ordered the government to respond to the allegations in Carrington's motion. (Doc. 654.) The government filed its response on April 1, 2013. (Doc. 655.) The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on their motion:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. *See Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the Court must decide whether the petitioner's claims, if proven, would entitle petitioner to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Gov't of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d. Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992)); *see also Forte*, 865 F.2d at 62.

## DISCUSSION

### I. Length of Sentence

Carrington claims that his sixty-three (63) month sentence is unfair, asserting that it was not "right" for the Court to impose that sentence because it is identical to the sentence that a co-Defendant received. (Doc. 651 at 6.) However, he has not demonstrated that the Court was without jurisdiction to impose the sentence or that the sentence was imposed in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law,[1] or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

---

[1]    The record indicates that Carrington's sentence was below the applicable guideline range of eighty-four (84) to one hundred and five (105) months in prison and that the Court gave several reasons under 18 U.S.C. § 3553(a) for imposing the sentence, which the Court found to be reasonable.

Carrington's claim that his sentence is "unfair" for being identical to a co-Defendant's is thus without merit, and the Court will decline to grant his § 2255 motion on that basis.

## II. Verbal Agreement

Carrington also claims that his sentence is in contravention of a verbal agreement of a twenty-seven (27) to thirty-three (33) month sentence entered into by himself, his attorney, and the government. (Doc. 651 at 5.) This claim, too, is refuted by the record. In the written plea agreement, which he reviewed with his attorney and signed, Carrington acknowledged that the agreement "supersedes all prior understandings, if any, whether written or oral," and that "[n]o other promises or inducements have been or will be made to the defendant in this case, nor have any predictions . . . been made in connection with this plea."[2] (Doc. 503 at 19–20.) In addition, Carrington's attorney at the time of the plea and sentencing has offered an affidavit in which he states that neither he nor Carrington entered into a verbal agreement with the government about the specific sentence to be imposed. (Doc. 655 at 7.) He also states that he never told Carrington that any such agreement existed. (*Id.*) Based on this evidence, Carrington's claim that his sentence is invalid because it does not comport with an allegedly agreed-upon sentence is without merit. Accordingly, the Court will also decline to grant Carrington's § 2255 motion on this basis.

---

[2]    In Carrington's signed "Statement of Defendant," he also acknowledged that "[n]o promise . . . or any other inducements of any kind" had been made to him in regard to his guilty plea, apart from the plea agreement. (Doc. 504 at 1–2.)

## CONCLUSION

For the above stated reasons, Carrington's motion will be denied.[3]  In addition,

because Carrington has not "made a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will be issued.

An appropriate order follows.


August 14, 2013                                    /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge

---

[3]     Because the motion, files, and records conclusively demonstrate that Carrington is
        not entitled to relief, the motion will be denied without an evidentiary hearing.